[Doc. No. 11]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DENISE BROWN,<br><br>             Plaintiff,<br><br>     v.<br><br>STATE OF NEW JERSEY, et al.,<br><br>             Defendants. | Civil No. 09-434-JBS-AMD |

**<u>ORDER</u>**

THIS MATTER having come before the Court by way of motion [Doc. No. 11] of New Jersey Attorney General Anne Milgram, by Christina M. Glogoff, Deputy Attorney General (hereinafter, "DAG"), on behalf of Defendants Colonel Rick Fuentes, Detective John Steet, and Trooper Christian Eskridge seeking a 60-day extension of time in which to answer, move, or otherwise reply to Plaintiff's complaint, pursuant to Fed. R. Civ. P. 6(b); and no party having filed opposition to the motion; and the Court having considered this matter pursuant to Fed. R. Civ. P. 78; and

THE COURT NOTING that Plaintiff submitted the complaint in this matter on January 29, 2009.  DAG Glogoff represents that Defendants Fuentes, Steet, and Eskridge were served with process on February 11, 2009.  (Cert. of Christina M. Glogoff in Supp. of Not. of Mot. for an Extension of Time to Answer, Move or Otherwise Reply

¶ 4, Apr. 22, 2009.)[1]  Thus, the time for Defendants Fuentes, Steet, and Eskridge to answer, move, or otherwise reply to the complaint expired on March 3, 2009.  In support of the request for an extension of time, DAG Glogoff represents that this case was not assigned to her until March 5, 2009, after the expiration of the time to file a responsive pleading.  (Id. at ¶ 6.)  DAG Glogoff further states that she did not receive the individually named Defendants' requests for representation until "the week of March 9, 2009[.]"  (Id.)  DAG Glogoff asserts that before the Attorney General's Office could determine whether to provide representation to the individually named Defendants, the matter had to be "extensively reviewed."  (Id.)  DAG Glogoff represents that she was advised on April 21, 2009 that the individually named Defendants' requests for representation would be granted.  (Id.)  DAG Glogoff thus requests a 60-day extension of time to respond to the complaint so that the individually named Defendants have "the opportunity to present meritorious defenses and to appropriately respond to the allegations asserted by the plaintiff in the Complaint."  (Id. at ¶¶ 7, 8); and

 THE COURT FURTHER NOTING that Fed. R. Civ. P. 6(b)(1)(B) provides that when an act must be performed within a specified time and "if the party failed to act because of excusable neglect," the

---

1. The Court notes that no Proof of Service form was filed on the docket indicating that Defendants Fuentes, Steet, and Eskridge were served with process.

¶ 4, Apr. 22, 2009.)[1]  Thus, the time for Defendants Fuentes, Steet, and Eskridge to answer, move, or otherwise reply to the complaint expired on March 3, 2009.  In support of the request for an extension of time, DAG Glogoff represents that this case was not assigned to her until March 5, 2009, after the expiration of the time to file a responsive pleading.  (Id. at ¶ 6.)  DAG Glogoff further states that she did not receive the individually named Defendants' requests for representation until "the week of March 9, 2009[.]"  (Id.)  DAG Glogoff asserts that before the Attorney General's Office could determine whether to provide representation to the individually named Defendants, the matter had to be "extensively reviewed."  (Id.)  DAG Glogoff represents that she was advised on April 21, 2009 that the individually named Defendants' requests for representation would be granted.  (Id.)  DAG Glogoff thus requests a 60-day extension of time to respond to the complaint so that the individually named Defendants have "the opportunity to present meritorious defenses and to appropriately respond to the allegations asserted by the plaintiff in the Complaint."  (Id. at ¶¶ 7, 8); and

 THE COURT FURTHER NOTING that Fed. R. Civ. P. 6(b)(1)(B) provides that when an act must be performed within a specified time and "if the party failed to act because of excusable neglect," the

---

1. The Court notes that no Proof of Service form was filed on the docket indicating that Defendants Fuentes, Steet, and Eskridge were served with process.

¶ 4, Apr. 22, 2009.)[1]  Thus, the time for Defendants Fuentes, Steet, and Eskridge to answer, move, or otherwise reply to the complaint expired on March 3, 2009.  In support of the request for an extension of time, DAG Glogoff represents that this case was not assigned to her until March 5, 2009, after the expiration of the time to file a responsive pleading.  (Id. at ¶ 6.)  DAG Glogoff further states that she did not receive the individually named Defendants' requests for representation until "the week of March 9, 2009[.]"  (Id.)  DAG Glogoff asserts that before the Attorney General's Office could determine whether to provide representation to the individually named Defendants, the matter had to be "extensively reviewed."  (Id.)  DAG Glogoff represents that she was advised on April 21, 2009 that the individually named Defendants' requests for representation would be granted.  (Id.)  DAG Glogoff thus requests a 60-day extension of time to respond to the complaint so that the individually named Defendants have "the opportunity to present meritorious defenses and to appropriately respond to the allegations asserted by the plaintiff in the Complaint."  (Id. at ¶¶ 7, 8); and

 THE COURT FURTHER NOTING that Fed. R. Civ. P. 6(b)(1)(B) provides that when an act must be performed within a specified time and "if the party failed to act because of excusable neglect," the

---

1. The Court notes that no Proof of Service form was filed on the docket indicating that Defendants Fuentes, Steet, and Eskridge were served with process.

Court may extend the time for "good cause." FED. R. CIV. P. 6(b)(1)(B); and

THE COURT FINDING that an extension of time for Defendants Fuentes, Steet, and Eskridge to answer, move or otherwise reply to Plaintiff's complaint is warranted in light of DAG Glogoff's representation that the Attorney General's Office did not assign this case to her until after the time to respond to the complaint had expired, and that the individually named Defendants' requests for representation were not granted by the Attorney General's Office until April 21, 2009. In so finding, the Court notes that Plaintiff has not filed opposition to Defendants' request for an extension of time. Accordingly, the Court will permit Defendants Fuentes, Steet, and Eskridge an additional sixty days to answer, move or otherwise reply to Plaintiff's complaint. However, no further requests for an extension of time will be granted absent a specific explanation as to the efforts made by the Attorney General's Office to file a responsive pleading within the extension of time granted by the Court.

CONSEQUENTLY, for the reasons set forth above and good cause shown:

IT IS on this 18th day of May 2009,

**ORDERED** that the motion [Doc. No. 11] of Defendants Fuentes, Steet, and Eskridge for a 60-day extension of time in which to answer, move, or otherwise reply to Plaintiff's complaint shall be, and hereby is, **GRANTED**; and it is further

3

**ORDERED** that Defendants Fuentes, Steet, and Eskridge are hereby granted leave to answer, move or otherwise reply to Plaintiff's complaint within sixty (60) days from the date of entry of this Order.

s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jerome B. Simandle

4